# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

No. 15-651V

Filed: March 29, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| JANETTE H. HERRERA, | * | |
| | * | |
| Petitioner, | * | Special Master Gowen |
| | * | |
| v. | * | Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

<u>Mark L. Krueger</u>, Krueger & Hernandez, S.C., Baraboo, WI, for petitioner.
<u>Lara A. Englund</u>, United States Department of Justice, Washington, D.C., for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On June 23, 2015, Janette H. Herrera ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to 34 (2012). Petitioner alleged that as a result of receiving human papillomavirus ("HPV") vaccinations on January 13, 2014, and March 21, 2014, she suffered Multiple Sclerosis. Petition at Preamble. On March 28, 2017, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation. A decision awarding compensation to petitioners pursuant to the terms of the stipulation was issued March 29, 2017.

On March 6, 2017, petitioner filed an application for attorneys' fees and costs, requesting $29,300.50 in attorneys' fees, $9,281.27 in attorneys' costs, and $400.00 in petitioner's costs, for

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

a total fees and costs request of $38,981.77.  See Petitioner's ("Pet.") Application ("App.") at 3-4.  In accordance with General Order #9, petitioner states that she paid costs of $400.00 for the filing fee in this matter.  Pet. General Order #9 Statement.  Respondent filed a response to petitioner's application on March 20, 2017, stating that he "recommends that the special master exercise his discretion and determine a reasonable award for attorneys' fees and costs."  Respondent's Response at 3 (internal footnote omitted).  Petitioner filed a reply on March 27, 2017, reiterating the fees and costs requested in the original application.

## I.   Attorneys' Fees and Costs

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1).  In the present case, petitioner was awarded compensation pursuant to the terms of a joint stipulation.  Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."  Avera, 515 F.3d at 1347-48.  In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate.  Id. at 1348.  However, an exception to the forum rule applies where the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum.  Id. at 1349 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y or Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  The requirement that attorneys' fees be reasonable also applies to costs.  McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323, *5 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (citing Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (1992).

### a. Reasonable Hourly Rates

Petitioner requests the following hourly rates:

Mark Krueger
$300: 2014
$385: 2015- 2017

Andrew Krueger
$200: 2015-2017

Renee Nehring (paralegal)
$125: 2014
$145: 2015-2017

Pet. Mot., Attachment ("Att.") 1, at 2; see generally Pet. Mot., Att. 1, Tab 1.

In awarding attorneys' fees, the forum rate should generally be used unless there is a "very significant" difference between forum and local rates. Avera, 515 F.3d at 1349 (citing Davis County, 169 F.3d at 758). Reasonable 2014-2015 forum rate ranges were recently set by the undersigned in McCulloch v. Sec'y of Health & Human Servs., No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec. Mstr, Sept. 1, 2015). The parties in this case did not submit evidence regarding local rates in Baraboo, Wisconsin. The issue of whether Mr. Krueger is entitled to forum or local rates has not been discussed in any post-McCulloch decision. Rather, it appears that in other recent cases Mr. Krueger has requested and been awarded rates well below the McCulloch range, drawing no specific objections from respondent. See, e.g. Bello v. Sec'y of Health & Human Servs., No. 13-349V, 2017 WL 785692 (Fed. Cl. Spec. Mstr. Jan. 24, 2017) ("[b]ecause Respondent does not object to Petitioner's requested rates of $300 per hour for attorney Mark Krueger and $125 per hour for paralegal Renee Nehring, the analysis herein will not focus on hourly rates"); Bojan v. Sec'y of Health & Human Servs., No. 15-91V, 2016 WL 5819208 (Fed. Cl. Spec. Mstr. Aug. 30, 2016) (awarding the requested fees as reasonable, noting that "Mr. Krueger has previously received the currently billed rate of $300 per hour"); Culligan v. Sec'y of Health & Human Servs., No. 14-318V, 2016 WL 1622967, at *5 (Fed. Cl. Spec. Mstr. Mar. 31, 2016) (awarding the requested rates of $300 per hour for Mark Krueger and $125 per hour for Mrs. Nehring, noting that respondent did not object). Prior to McCulloch, however, in Gill v. Sec'y of Health & Human Servs., No. 12-825V, 2014 WL 5341869 (Fed. Cl. Spec. Mstr. Sept. 30, 2014), the special master found that petitioner's counsel was entitled to forum rates as "[n]either party ha[d] presented evidence that the Wisconsin geographic rate is 'very significantly lower' than the forum rate," where respondent did not contest Mr. Kreuger's requested rate of $300 per hour. 2014 WL 5341869, at *8. Following Gill, in Parker v. Sec'y of Health & Human Servs., No. 02-1553V, 2015 WL 4550111 (Fed. Cl. Spec. Mstr. June 3, 2015), the special master awarded $125 per hour to Mr. Krueger's paralegals, noting that Gill explained

3

that "the undersigned and other special masters in the Vaccine Program have determined that paralegal rates of up to $125 per hour are reasonable *forum rates*." 2015 WL 4550111, at *5 (quoting Gill, 2014 WL 5341869). Thus, in light of the decisions of other special masters, the undersigned will award Mr. Krueger forum rates.

Petitioner states that "[t]he hourly rates for Attorney Mark Krueger and Mrs. Nehring have been agreed upon in numerous vaccine injury cases and by other special masters." Pet. Mot. at 3 (citing Parker, 2015 WL 4550111; Culligan v. Sec'y of Health & Human Servs., No. 14-318V, 2016 WL 1622967 (Fed. Cl. Spec. Mstr. Mar. 31, 2016)). In Parker, Mark Krueger was awarded a rate of $300 per hour and a paralegal rate of $125 per hour for Mrs. Nehring. 2015 WL 4550111, at *1, *5. In Culligan, Mark Krueger was awarded a rate of $300 per hour and Ms. Nehring was awarded a rate of $125 per hour. 2016 WL 1622967, at *5. Andrew Krueger was awarded a rate of $200 per hour. Id. at *6. The rates requested in the present case for Mark Krueger and Mrs. Nehring, however, are *not* consistent with the rates awarded in Parker and Culligan. In Parker, Mr. Kruger and Mrs. Nehring performed work on the case from 2012-2015, and they were awarded the rates of $300 and $125 per hour, respectively, up to an including their 2015 work. In Culligan, Mr. Krueger and Mrs. Nehring performed work on the case from 2014-2015, and were awarded the rates of $300 and $125 per hour, respectively, up to an including their 2015 work. In this case, petitioner requests higher rates for work performed by Mark Krueger and Mrs. Nehring for 2015-2017. Petitioner does not explain the reason for the departure from the Parker and Culligan rates. However, given the fact that petitioner has kept his 2014 rate at $300 per hour in this case as well as for 2015 in other cases, the undersigned finds it reasonable to award Mr. Krueger rate increases for 2015-2017 to bring his rates in line with the McCulloch range for an attorney with his years of experience. However, the undersigned does not find a jump from $300 to $385 between 2014 and 2015 reasonable, and will reduce Mr. Krueger's requested rats as set forth below. Mrs. Nehring's requested rates will also be adjusted consistent with McCulloch, as described below.

Pursuant to McCulloch, a reasonable 2014-2015 forum rate for an attorney with more than 20 years of experience in $350 to $425, and a reasonable range for an attorney with less than 4 years of experience is $150 to $225. 2015 WL 5634323, at *19. Paralegals in McCulloch were awarded $135 per hour. Id. at *21. Mark Krueger has over 32 years of experience, he has been practicing in the Program since 2002 and has had over 80 Program cases. The requested rate of $385 per hour for Mark Krueger's 2015-2017 work in the middle of the McCulloch range for an attorney of his experience. Given that Mark Krueger requests a rate of $300 per hour for 2014, which is well below the McCulloch range, the undersigned finds it reasonable to award him a rate increase starting in 2015 based on his years of experience and experience in the Program. However, petitioner has provided no explanation for the specific requested rate of $385 per hour, and the undersigned finds that a smaller increase is reasonable. Accordingly, to bring Mr. Krueger's rate into the McCulloch range, the undersigned will award him rates of $350

4

for 2015, $363 for 2016, and $376 for 2017.[3] Mark Krueger performed 12.80 hours of work in 2015, 23.60 hours of work in 2016, and 4.60 hours of work in 2017. Accordingly, the undersigned will reduce the requested attorneys' fees and costs by $1008.60.

Andrew Krueger has over 2 years of experience as an attorney, and Mrs. Nehring has been a paralegal for over 23 years and a certified paralegal for over 21 years. Pet. Mot. at 3; Pet. Mot. Att. 1; Pet. Mot. Att. 2; Pet. Mot., Att. 3. The rate of $200 per hour requested for Andrew Krueger is within the McCulloch range for attorneys with less than 4 years of experience, and the undersigned finds it reasonable. Mrs. Nehring rates, however, require some adjustment. The requested rate of $145 per hour for 2015-2017 is higher than the paralegal rates awarded in McCulloch. Mrs. Nehring has significant experience as a paralegal and the undersigned therefore finds it reasonable to award her the rate of $135 per hour, consistent with McCulloch, for her work performed in 2015. For her work performed in 2016 and 2017, the undersigned will award Ms. Nehring a rate of $140 per hour. Mr. Nehring performed 18.50 hours of work in 2015, 15.60 hours of work in 2016, and 1.30 hours of work in 2017. See generally Pet. Mot., Att. 1, Tab 1. Accordingly, the undersigned will reduce the requested attorneys' fees and costs by $269.50.

### b. Reasonable Hours Expended

Petitioner requests compensation for 46.80 hours of work performed by Mark Krueger, 31.00 hours of work performed by Andrew Krueger, and 38.60 hours of work performed by Renee Nehring. Pet. Mot., Att. 1, Tab 1 at 13-14. Petitioner's fee application includes a detailed log of the hours, dates and explanation of services performed on this case, and the names of the person providing the services. See generally id. On review of petitioner's billing record, the undersigned finds the number of hours expended reasonable.

### c. Costs

Petitioner requests $9,281.27 in attorneys' costs. See Pet. Mot., Att. 1, Tab 1, at 16. The requested costs consist of postage, Fed Ex costs, copying costs, and the cost of an expert report. Id. Petitioner also requests $400.00 in petitioner's costs, which consists of the filing fee. Pet. App. at 3-4. Upon review, the undersigned finds the requested costs reasonable.

## II. Conclusion

---

[3] In McCulloch, I applied a 3.7% annual rate of growth in attorneys' fees to adjust hourly rates for different years. This percentage adjustment was based upon the Real Rate Report[3] submitted by respondent, and represents the annual rate of growth in attorneys' fees since the 2008 recession. McCulloch, 2015 WL 5634323, at *16; see also Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076, at *3 (Fed. Cl. Spec. Mstr. Apr. 29, 2016), aff'd, 128 Fed. Cl. 99 (2016)). I will apply the same rate of growth in the present case.

Upon review of the documentation of the requested attorneys' fees and costs, and based on his experience with the Vaccine Act and its attorneys, the undersigned finds a total attorneys' fees and costs award of $37,703.67 reasonable.

**Attorneys' fees and costs are awarded as follows:**

**(1) A lump sum of $37,303.67 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Mark L. Krueger, of Krueger & Hernandez, S.C.; and**

**(2) A lump sum of $400.00 in the form of a check payable to petitioner, for petitioner's costs.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.